LINDELL, Plaintiff in Error, v. HANNIBAL & ST. JOSEPH RAILROAD CO., Defendant in Error.

1. The Hannibal and St. Joseph Railroad Company entered—under the second section of the "act to amend an act entitled 'an act to incorporate the Hannibal and St. Joseph Railroad Company,'" approved February 23, 1853, (Sess. Acts, 1853, p. 321,)—upon the land of plaintiff and cut timber for the construction of their railroad; *held,* that the plaintiff was not entitled to treble damages under the "act to prevent certain trespasses." (R. C. 1845, p. 1068.)

*Error to Marion Circuit Court.*

This was an action against the Hannibal and St. Joseph Railroad Company to recover the value of timber cut and carried away from the land of the plaintiff, Peter Lindell. The jury found a verdict for the plaintiff, and found the value of the timber taken by the defendant from- the land of the plaintiff to be $1554.35. The plaintiff moved the court for judgment for treble the value of the timber as found by the jury. The court overruled the motion and gave judgment for single damages only.

*Lipscomb* and *E. Bates,* for plaintiff in error.

I. The declaration is sufficient under the first section of the " Act to prevent certain trespasses." (R. C. 1845, p. 1071; Ewing v. Seaton, 17 Mo. 465.) The company in their pleading do not claim to own the land or the timber tåken therefrom ; nor do they pretend to have had a probable cause to believe the timber taken was their own. They claim only " that they had probable cause to believe they had a right by law to enter upon the land and remove the timber." Between a supposed right to take another's property and the ownership there is a vast difference. The fourth section of the above cited act concerning trespasses has reference to ownership and not to a supposed right to take. Nothing will extenuate the trespass but the belief that the land or the timber taken therefrom was defendant's own. (Emerson v. Beavaus, 12 Mo. 511.)

II. The second section of the act of February 23, 1853, (Sess. Acts, 1853, p. 321,) is unconstitutional and void. (Const. of Mo., art. 13, § 7; Bloodgood v. M. & H. R. R. Co. 18 Wend. ——.)

*Anderson*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

In this case the court refused to treble the damages found by the jury, for the following reason : " It appears from the record evidence that the entry was made under the second section of an act entitled ' An act to amend an act entitled ' An áct to incorporate the Hannibal and St. Joseph Railroad Company,'' approved February 23, 1853 ; it further appears from the evidence that the company, after they commenced cutting the timber, applied to H. W. Hollingsworth, a justice of the peace for Marion county, who upon said application appointed three disinterested freeholders of the county to assess plaintiff's damages, and that said householders, after having been sworn by said justice, did upon their own view—made after the timber had been cut and a portion of it removed—assess the plaintiff's damages at eleven hundred dollars, and made out their report in writing, which was produced on the trial ; and the court is of opinion that, under the above state of facts, the defendant had probable cause to believe that the timber taken was its own, and that under the fourth section of the act entitled, ' An act to prevent certain trespasses,' approved February 10, 1845, the plaintiff is entitled to single damages only."

This construction of the fourth section of the act of 1845 concerning trespasses is, we think, correct. To hold otherwise would be to attribute to the legislature the gross inconsistency of declaring on one page of the statute book that this company could go upon the plaintiff's land and take the timber wanted for the construction of their road, and on the next page declaring that this authority, thus solemnly given, should not even furnish the company with a *decent excuse* for doing

the very thing the legislature have permitted. If this is not a case in which there was probable cause to believe that the defendant had a right to make use of the timber of the plaintiff, it is not easy to conjecture what cases would come within the meaning of the fourth section of the act concerning trespasses referred to. It will always turn out, whenever an action of trespass is sustained, that the defendant was mistaken in thinking, if he did so think, that the land or the timber was his own; and if his opinion be held immaterial in fixing the amount of damages, it must follow that in all cases they must be trebled. And if an opinion, based upon a plain provision in a legislative act clearly giving him the power to commit the trespass, is not one that furnishes the probable cause specified in the section, it is not easy to conceive of any other grounds of belief which would have more plausibility. But this is the very point upon which, as we understand the act of 1845, the legislature have placed the trespasser's exemption from treble damages. Ignorance of the fact or the law is the matter which relieves the defendant from the penalty inflicted upon wilful and wanton trespassers.

It is said that this second section of the charter of this company is unconstitutional. This may be so; but the question is, whether the company honestly believed they had a right to use the plaintiff's timber, and were acting under the supposed authority conferred upon them by their charter. It matters not that they were mistaken in so believing and acting. Their ignorance of constitutional law will not excuse them from paying the actual damage occasioned by their trespass; but it ought to relieve them from the penalty inflicted upon those who knowingly commit such trespasses. We concede that under the circumstances it could not be said that the company had any reason to suppose that *literally* the land or the timber was theirs; but the spirit of the law is to punish wilful trespasses, and not such as are committed upon a false opinion.

The case of Emerson v. Beavaus, 12 Mo. 511, does not conflict with this view of the statute. The defendant in that

case sought to relieve himself from the increased damages by proof that he supposed the land upon which the trespass was committed to belong to the United States; but he did not pretend that he had any more authority to trespass on the United States land than upon that of any private citizen, and of course the plea was rejected. The defendant was mistaken as to the party whose right he was invading, but he was fully aware he was committing an unwarranted trespass.

The other judges concurring, the judgment is affirmed.